The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bain Jones, Jr., and briefs and oral arguments before the Full Commission. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant/employer.
3. American International Underwriters is carrier on risk in this matter.
4. Plaintiff's average weekly wage was $774.00.
5. Plaintiff's medical records were stipulated into evidence. These records consist of: seven pages of documentation from Michael Brone, D.C.; two pages of documentation from Greenville Internal Medicine; fourteen pages from East Carolina Neurological Associates; one-hundred seventy-five pages from Pitt County Memorial Hospital; six pages from Duke University Medical Center Department of Anesthesiology; two pages of documentation from Eastern Orthopaedic Group; five pages of documentation from Duke University Medical Center Pain Clinic; five pages of documentation from Greenville Internal Medicine; and one page of documentation from East Carolina Neurological Associates.
6. Southern Elevator correspondence dated November 14, 1996 regarding short term group disability payments plaintiff received were stipulated into evidence.
7. The issues are: (i) whether plaintiff sustained a specific traumatic incident arising out of and in the scope of plaintiff's employment with defendant/employer; and (ii) if so, what compensation, if any, is due plaintiff.
 ***********
The Full Commission finds facts as follows:
 FINDINGS OF FACT
1. At the time of the hearing, plaintiff was 47 years old. She had been employed with defendant/employer as an elevator mechanic for twenty months before February 27, 1996.
2. On December 13, 1995 approximately two months before her on the job injury, plaintiff sought treatment from Dr. Deanna Boyette for headaches, neck, back and bilateral hip pain. X-rays were taken and showed a negative finding for disc degeneration. Dr. Boyette's records also reflect that there was no disc herniation.
3. On February 27, 1996, plaintiff suffered a specific traumatic incident arising out of and in the course and scope of her employment. This injury occurred after plaintiff removed a box of tools and twisted to the left to reach for papers that she needed for work when she immediately felt a tearing with an immediate onset of pain in her lower back radiating into her left lower extremity.
4. Plaintiff immediately informed Kenneth Asmuth, Regional Manager for defendant/employer, on February 27, 1996 and told him that she had sustained an injury to her low back at work while picking up papers.
5. On February 28, 1996, plaintiff went to see Dr. Cervi who then diagnosed back pain and back strain. Dr. Cervi then referred plaintiff to Dr. Tucci.
6. Plaintiff sought additional medical care from Greenville Internal Medicine on February 28 and March 1, 1996. She advised the treating physicians at Greenville Internal Medicine that she had injured her back at work while lifting a heavy tool box.
7. Plaintiff also sought medical care at Pitt County Memorial Hospital's Emergency Room on February 29, 1996. She advised the triage nurse that she had injured her back while she twisted reaching for papers. Additionally, she advised the treating emergency room physician that she had injured her back twisting to the left.
8. Additionally, on March 4, 1996, Mr. Asmuth completed paragraph twenty-four of the Form 19 while he was talking to the plaintiff on the telephone. Paragraph twenty-four of the Form 19 is consistent with the first history plaintiff gave Mr. Asmuth. Also, plaintiff told a co-employee, Miles Emory, she had injured her back while picking up a notebook she had dropped.
9. Plaintiff was also treated by Keith A. Tucci, M.D. of Eastern Carolina Neurological Associates of Greenville, North Carolina. Plaintiff told Dr. Tucci that she had injured her back while she twisted to get some papers from beneath her seat and doing so suffered an onset of pain in her low back.
10. On March 11, 1996, Dr. Tucci subsequently diagnosed plaintiff as having a herniated disk at the L4-5 and a small disk protrusion at L5-S1. Dr. Tucci performed a lumbar laminectomy and discectomy to correct these problems on March 27, 1996.
11. Dr. Tucci assigned plaintiff a ten percent permanent partial disability to her back as a result of the injury she sustained on February 27, 1996. Plaintiff has not worked in any capacity since February 27, 1996.
12. Plaintiff's testimony is credible. The Full Commission differs from the Deputy Commissioner with respect to this finding. Even though various medical providers wrote slightly different descriptions of the specific traumatic incident, all descriptions are in accord with plaintiff's testimony and the testimony of her then fiancè husband), which the Deputy failed to mention. When removing a toolbox to reach some papers and while twisting to get to those papers, plaintiff suddenly felt an onset of pain. This constituted a specific traumatic incident and is compensable. The written report that plaintiff injured herself while kissing her granddaughter is not credible.
14. The Full Commission gives greater weight to the opinions of Dr. Cervi and Dr. Tucci than that of Dr. Brone.
 ***********
Based upon the findings of fact, The Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On February 27, 1996, plaintiff sustained an injury as a result of a specific traumatic incident of the work assigned arising out of and in the scope of her employment with defendant employer. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff is entitled to temporary total disability benefits at a rate of $492.00 per week beginning February 27, 1996 and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to payment by defendant for all plaintiff's medical bills incurred or to be incurred as a result of her specific traumatic injury. N.C. Gen. Stat. § 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff as temporary total disability benefits the sum of $492.00 per week beginning February 27, 1996 and continuing until further order of the Commission, subject to the attorney's fee hereafter awarded. The amount that has already accrued shall be paid in a lump sum.
2. Defendant shall pay for all plaintiff's medical bills incurred or to be incurred as a result of her specific traumatic injury.
3. Defendant shall pay to Plaintiff's attorney as reasonable attorney's fees 25% of the award given above. The accrued sum shall be paid in one lump sum. Thereafter, plaintiff's counsel shall receive every fourth check.
4. Defendant shall pay the costs.
 S/ ________________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ______________________ CHRISTOPHER L. SCOTT COMMISSIONER
S/ ______________________ DIANNE C. SELLERS COMMISSIONER